COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| DONNA ZINK and JEFF ZINK, wife and husband, and the marital community composed thereof, | ) ) ) ) | No. 39670-3-III |
| Appellants, | ) ) ) ) | ORDER DENYING MOTION FOR RECONSIDERATION AND WITHDRAWING OPINION FILED APRIL 30, 2024. |
| v. | ) ) | |
| CITY OF MESA, a Washington Municipal Corporation; DUANA RAE ROSS, a married woman; PATRICK FAY, a married man; DAVID FERGUSON, a married man; ELIZABETH DAVIS, a married woman; FRANKLIN COUNTY, a Washington Municipal Corporation; RICHARD LATHIM, in his capacity as Franklin County Sheriff; RUBEN BAYONA, an individual; FRANKLIN COUNTY SHERIFF'S DEPUTY SCANTLIN, an individual; and BRIAN PFEIFFER, an individual, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

THE COURT has considered appellant's motion for reconsideration and motion to publish opinion and is of the opinion the motions should be denied. Therefore,

IT IS ORDERED, the motion for reconsideration and the motion to publish opinion of this court's decision of April 30, 2024, is hereby denied.

No. 39670-3-III
Order
Page 2


IT IS FURTHER ORDERED the opinion filed April 30, 2024, is withdrawn and a

new opinion will be filed this day.

PANEL:  Judges Staab, Lawrence-Berrey, Pennell

FOR THE COURT:



_____
Robert Lawrence-Berrey
Chief Judge


IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DONNA ZINK and JEFF ZINK, wife and husband, and the marital community composed thereof, | ) ) ) ) | No. 39670-3-III |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| CITY OF MESA, a Washington Municipal Corporation; DUANA RAE ROSS, a married woman; PATRICK FAY, a married man; DAVID FERGUSON, a married man; ELIZABETH DAVIS, a married woman; FRANKLIN COUNTY, a Washington Municipal Corporation; RICHARD LATHIM, in his capacity as Franklin County Sheriff; RUBEN BAYONA, an individual; FRANKLIN COUNTY SHERIFF'S DEPUTY SCANTLIN, an individual; and BRIAN PFEIFFER, an individual, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

STAAB, J. — Donna Zink appeals the trial court's summary judgment dismissal of her tort claims for false arrest, false imprisonment, and malicious prosecution, as well as claims for violating her Fourteenth Amendment rights brought under 42 U.S.C. § 1983 for violation of her right to video record a public meeting under the Open Public

Meetings Act of 1971 (OPMA), chapter 42.30 RCW. She argues that the city of Mesa

(City) and its former Mayor Duana Ross are not entitled to qualified immunity, and

therefore summary judgment should not have been granted.

We agree that the City, as a governmental entity, is not entitled to qualified

immunity. However, we conclude that the right to video record a public meeting was not

clearly established in 2003 and therefore Mayor Ross is entitled to qualified immunity.

Accordingly, we affirm the dismissal of Zink's claims against Mayor Ross and reverse

the summary judgment order dismissing Zink's claims against the city of Mesa. We

remand for further proceedings.

## BACKGROUND

This court has already provided a detailed account of the background facts of this

case in *Zink v. City of Mesa*, 17 Wn. App. 2d 701, 487 P.3d 902 (2021) (published

portion); *Zink*, No. 36994-3-III (unpublished portion), https://www.courts.wa.gov

/opinions/pdf/369943_ord.pdf. Unless otherwise noted, the facts set forth are from this

court's opinion in that case.

The city of Mesa is a noncharter code city, with a mayor and city council

organized under chapter 35A.12 RCW. As a noncharter code city, the city council is the

governing body of Mesa. Former RCW 35A.12.010 (1997). The mayor serves as

presiding officer for the city council, having a vote only in case of a tie concerning

certain matters. Former RCW 35A.12.100 (1979). In 2003, the Mesa City Council consisted of five members. The mayor was Duana Ross.

The Mesa City Council had a meeting scheduled to commence on May 8, 2003. Zink appeared for the May 8 city council meeting and began video recording a few minutes before the start of the meeting.

Shortly after Zink began recording, Mayor Ross told Zink she needed permission to tape the proceedings. Zink asked what law required such permission. Zink refused to turn the camera off and told Mayor Ross she could call the police.

Mayor Ross then called 911. A sheriff's deputy arrived and talked to Zink. Zink informed the officer she had a right to record the meeting as it was a public meeting and she was not causing a disturbance. After some discussion between the city council, Zink, and the deputy, the deputy claimed Zink was trespassing and would be arrested if she did not either leave or stop recording. Zink did not stop recording. Zink was then handcuffed, transported to jail, given a citation, and released. After Zink's removal, the council resumed its meeting and conducted business on its agenda.

In 2005, Zink sued the city of Mesa, Mayor Ross (collectively Mesa), the three city council members present that night, Franklin County, the Franklin County Sheriff's Office, the elected sheriff, and the involved deputies. Zink made claims regarding violations of the OPMA as well as civil rights and emotional distress claims regarding Zink's exclusion from the meeting and arrest.

3

In pretrial rulings and negotiations, all of Zink's claims except the OPMA claim and a tort claim under § 1983 for deprivation of liberty without due process were disposed of.

A jury trial was held in January 2018. In the middle of trial, the City filed a motion for directed verdict on the § 1983 claims, which the court granted based on the view that a violation of a nonfederal statute cannot form the basis of a § 1983 claim unless the statute purports to grant a property right and the OPMA does not grant a property right.

In her first appeal, Zink raised several issues including the trial court's directed verdict on her § 1983 claims. This court reversed the directed verdict for Mayor Ross and the City on the Fourteenth Amendment § 1983 claims and the directed verdict for Mayor Ross on the Fourth Amendment § 1983 claims, disagreeing with the trial court's analysis and determining that the OPMA grants a right to attend a public meeting that can give rise to a claim under § 1983. This court affirmed the directed verdict for the City on the Fourth Amendment § 1983 claims, determining that there was no evidence Zink had been arrested pursuant to an official city policy or custom. This court declined to address any argument surrounding the issue of qualified immunity as the trial court expressly declined to reach the issue and the City had failed to adequately brief it on appeal.

On remand, the City and Mayor Ross brought a motion for summary judgment on the remaining claims, arguing that it was immune from suit based on the doctrine of

4

qualified immunity. The motion argued that the right to video record the city council meeting was not clearly established on May 8, 2003, such that it would have been known by every reasonable official. The trial court granted the motion and accordingly dismissed the all of Zink's claims against Mayor Ross and the City.[1]

Zink appeals.

## ANALYSIS

1. QUALIFIED IMMUNITY FOR THE CITY OF MESA

Zink argues that the trial court erred in determining that the City was entitled to qualified immunity and therefore dismissed her claims against the City. She maintains that municipalities are not entitled to qualified immunity. The City responds that the superior court's prior dismissal of all of Zink's claims against the City was affirmed in this court's prior opinion.

We reject the City's argument that this court dismissed all of Zink's claims against the City in a prior appeal. Although this court affirmed the dismissal of the Fourth Amendment claim brought under § 1983, with regard to the Fourteenth Amendment claim brought under § 1983, this court clearly stated that Zink "asserted sufficient facts for municipal liability" and "reversed [the trial court's directed verdict] as

---

[1] Although the trial court initially appeared to say it was not going to include the City in its dismissal, it ultimately determined that it would dismiss both Mayor Ross and the City.

5

to Mayor Ross *and* the city of Mesa." *Zink*, No. 36994-3-III, slip op. at 22-23 (emphasis added). Additionally, this court reversed summary judgment of Zink's tort claims for false arrest, false imprisonment, and malicious prosecution. *Zink*, No. 36994-3-III, slip op. at 32-33.

On remand, the trial court erred in concluding that the City was entitled to assert the defense of qualified immunity and dismissing Zink's claims against the City. Although government officials may be entitled to qualified immunity in their individual capacity, "[l]ocal government entities are not entitled to the qualified immunity available to their officials." *Robinson v. City of Seattle*, 119 Wn.2d 34, 64, 830 P.2d 318 (1992), *abrogated on other grounds by Yim v. City of Seattle*, 194 Wn.2d 682, 451 P.3d 694 (2019). The trial court initially hesitated to extend its summary judgment dismissal on the basis of qualified immunity to the City, noting that the issue of whether the City was entitled to qualified immunity had not been briefed. However, in the end, it decided to include the City in its decision. This decision was in error.

2.      QUALIFIED IMMUNITY OF MAYOR ROSS

Zink argues that the trial court also erred in dismissing her § 1983 claims against Mayor Ross. She maintains that in 2003 her right to video record city council meetings was clearly established and therefore Mayor Ross is not entitled to qualified immunity. We disagree.

A government official's entitlement to qualified immunity is a question of law this court reviews de novo. *Feis v. King County Sheriff's Dep't*, 165 Wn. App. 525, 538, 267 P.3d 1022 (2011). "Qualified immunity is a potentially dispositive predicate inquiry, 'conceptually distinct from the merits of the plaintiff's claim,' where summary judgment is appropriate if the evidence is insufficient to create a genuine issue of material fact regarding whether the defendant committed acts that violated clearly established law." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 527, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)).

A party is entitled to relief under § 1983 if they can demonstrate: (1) deprivation of a federal constitutional or statutory right, and (2) the individual against whom the claim is brought was acting under color of state law. *Sintra, Inc. v. City of Seattle*, 119 Wn.2d 1, 11, 829 P.2d 765 (1992), *abrogated on other grounds by Yim*, 194 Wn.2d 682. However, public officials may raise the defense of qualified immunity to limit their liability for damages under § 1983. *Benjamin v. Wash. State Bar Ass'n*, 138 Wn.2d 506, 527, 980 P.2d 742 (1999). The doctrine of qualified immunity shields government officials from liability unless a plaintiff can demonstrate that the official: (1) violated a constitutional right, and (2) that right was *clearly established at the time the challenged conduct occurred. Robinson*, 119 Wn.2d at 64-65. Whether a right is clearly established is an objective standard, not a subjective one, and "turns on whether a governmental

7

official's conduct was objectively reasonable based on clearly established law." *Zink*, No. 36994-3-III, slip op. at 29.

Under the OPMA, "all meetings of the governing body of a public agency shall be open and public and all persons shall be permitted to attend any meeting of the governing body of a public agency, except as otherwise provided in this chapter." RCW 42.30.030(1). In 2021, this court determined that a core protection of the OPMA "is that an individual's right to attend a public meeting cannot be restricted to fulfilment of a 'condition precedent.'" *Zink*, 17 Wn. App. 2d at 709 (quoting RCW 42.30.040). In doing so, this court cited to a 1998 attorney general opinion, which concluded that this provision precludes the banning of video or audio recording devices in meetings required to be open to the public under the OPMA unless it is necessary to preserve order. *Zink*, 17 Wn. App. 2d at 710.

Zink claims that, in light of the 1998 attorney general opinion, her right to video record the city council meeting was clearly established on May 8, 2003, when she was arrested for doing so. Although this court is not bound by the opinions of the attorney general, they are generally given significant weight. *Five Corners Family Farmers v. State*, 173 Wn.2d 296, 308, 268 P.3d 892 (2011). Since the issuance of the attorney general opinion, this court has confirmed, in a prior appeal of Zink's case, that this provision of the OPMA protects, among other things, an individual's right to video record public meetings in a nondisruptive manner because any restrictions on individual's

8

video recording a public meeting would constitute conditions precedent. *See Zink*, 17 Wn. App. 2d at 710-11. Arguably, our prior *Zink* decision clearly established that an individual has a right to video record a city council meeting.[2]

However, the question is not whether the right is clearly established now, but whether it was clearly established in 2003. A right is clearly established if it can be shown that "'at the time of the challenged conduct, [t]he contours of [a] right [were] sufficiently clear that every reasonable official would have understood that what he [was] doing violates that right.'" *Feis*, 165 Wn. App. at 538 (some alterations in original) (internal quotation marks omitted) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)). Qualified immunity offers protections in cases involving "'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id*. at 539 (internal quotation marks omitted) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009)). "Hence, qualified immunity protects 'all but the plainly incompetent' and 'those who knowingly violate the law.'" *Id*. (internal quotation marks omitted) (quoting *al-Kidd*, 563 U.S. at 743).

---

[2] We leave for another day whether one decision that does not bind other divisions or even our own court can clearly establish a right. *State v. Smith*, 17 Wn. App. 2d 146, 152, 484 P.3d 550 (2021) ("We give respectful consideration to the decisions of other divisions of the Court of Appeals, but we are not bound by those decisions. And we are not even bound by decisions by different panels within our own division.") (citation omitted).

Although the attorney general opinion Zink relies on would have been given significant weight in 2003, it was not binding on this court. As it was not binding, it cannot be said that on its own, it clearly established Zink's right to video record the city council meeting. And although this court has held that the OPMA does protect an individual's right to video record a public meeting, this determination was post-2003 and actually resulted from the litigation in the present case. Moreover, the right to video record is only generally established by RCW 42.30.040's prohibition on conditions precedent. The provision contains no statements regarding any right to record a public meeting, and thus the contours of the right to video record were not sufficiently clear that every reasonable official would have understood that Mayor Ross's conduct violated that right.

The right to video-record public meetings in 2003 was not a "sufficiently particularized statutory or constitutional right" but rather appears to fall into the class of "extremely abstract rights." *Id.* at 541 (quoting *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). Imposing liability, in situations such as these, where the contours of a right are unclear, risks resulting in situations where public officials do not have "fair warning of when their conduct may give rise to liability." *Id.* We conclude that the right to video-record public meetings was not clearly established in 2003. Thus, the trial court did not err in dismissing Zink's § 1983 claims against Mayor Ross because Mayor Ross is entitled to qualified immunity.

No. 39670-3-III
*Zink, et al v. Scantlin, et al*

We affirm the trial court's dismissal of Zink's claims against Mayor Ross. We reverse the trial court's dismissal of Zink's claims for false arrest, false imprisonment, and malicious prosecution as well as her Fourteenth Amendment § 1983 claims against the City and remand for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.

11